## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Civil Action No. _____ |
| | : |
| v. | : **COMPLAINT FOR VIOLATIONS OF** |
| | : **SECTIONS 14(a) AND 20(a) OF THE** |
| AK STEEL HOLDING CORPORATION, | : **SECURITIES EXCHANGE ACT OF** |
| RALPH S. MICHAEL, III, DENNIS C. | : **1934** |
| CUNEO, SHERI H. EDISON, MARK G. | : |
| ESSIG, WILLIAM K. GERBER, GREGORY | : **JURY TRIAL DEMANDED** |
| B. KENNY, ROGER K. NEWPORT, | : |
| DWAYNE A. WILSON, VINCENTE | : |
| WRIGHT, and ARLENE M. YOCUM, | : |
| | : |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against AK Steel Holding Corporation ("AK Steel or the "Company"), and the members AK Steel's board of directors (the "Board" or the "Individual Defendants" and together with the Company, the "Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between AK Steel and Cleveland-Cliffs Inc. ("Cleveland-Cliffs").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on January 8, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Registration Statement recommends that the Company's stockholders vote in favor of a proposed transaction whereby Pepper Merger Sub Inc., a direct, wholly owned subsidiary of Cleveland-Cliffs ("Merger Sub"), will merge with and into AK Steel, and AK Steel will survive the merger and become a direct, wholly owned subsidiary of Cleveland-Cliffs (the "Proposed Transaction"). Pursuant to the terms of the Agreement and Plan of Merger the companies entered into (the "Merger Agreement"), each outstanding AK Steel common share will be converted into the right to receive 0.400 shares of Cleveland-Cliffs common stock (the "Merger Consideration").

3. As discussed below, Defendants have asked AK Steel's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Registration Statement contains materially incomplete and misleading information concerning the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction. The financial projections were also utilized by the financial advisor of the Company, Goldman Sachs & Co. LLC ("Goldman Sachs"), in conducting the valuation analyses in support of its fairness opinion. The Registration Statement also omits or misrepresents information regarding the financial analyses conducted by Goldman Sachs.

4. It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to AK Steel's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because Defendant AK Steel is incorporated in Delaware, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because AK Steel in incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of AK Steel common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Ralph S. Michael, III is the Company's Chairman and has served as a director of the Company since 2007.

11. Individual Defendant Dennis C. Cuneo has served as a member of the Board since 2008.

12. Individual Defendant Sheri H. Edison has served as a member of the Board since 2014.

13. Individual Defendant Mark G. Essig has served as a member of the Board since 2013.

14. Individual Defendant William K. Gerber has served as a member of the Board since 2007.

15. Individual Defendant Gregory B. Kenny has served as President since 2003, and member of the Board since 2016.

16. Individual Defendant Roger K. Newport has served as a member of the Board since 2016 and is the Company's Chief Executive Officer.

17. Individual Defendant Dwayne A. Wilson has served as a member of the Board since 2017.

18. Individual Defendant Vicente Wright has served as a member of the Board since 2013.

19. Individual Defendant Arlene M. Yocum has served as a member of the Board since 2017.

20. Defendant AK Steel is incorporated in Delaware and maintains its principal offices at 9227 Centre Pointe Drive, West Chester, Ohio 45069.  The Company's common stock trades on the New York Stock Exchange under the symbol "AKS."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

A.  **The Proposed Transaction**

23.  The Company, through its subsidiary, AK Steel Corporation, produces flat-rolled carbon, and stainless and electrical steel products in the United States and internationally. It produces flat-rolled carbon steel products, including coated, cold-rolled, and hot-rolled carbon steel products; grain-oriented specialty stainless and electrical steels; and carbon and stainless steel tubing products. The Company also buys and sells steel and steel products, as well as other materials; and produces metallurgical coal from reserves in Somerset County, Pennsylvania. It sells its flat-rolled carbon steel products, primarily to automotive manufacturers and their suppliers; customers in the infrastructure and manufacturing markets, including the manufacturers of power transmission and distribution transformers, who produce equipment for the electrical grid, as well as electrical motors and generators; and manufacturers of heating, ventilation, and air conditioning equipment, and appliances. The Company also sells its carbon steel products to distributors, service centers, and converters. AK Steel was founded in 1993 and is headquartered in West Chester, Ohio.

24.  On December 3, 2019, the Company and Cleveland-Cliffs jointly announced the Proposed Transaction:

> CLEVELAND & WEST CHESTER, Ohio--(BUSINESS WIRE)-- Dec. 3, 2019-- Cleveland-Cliffs Inc. (NYSE: CLF) and AK Steel Holding Corporation (NYSE: AKS) are pleased to announce that they have entered into a definitive merger agreement pursuant to which Cliffs will acquire all of the issued and outstanding shares of AK Steel common stock. Lourenco Goncalves, Chairman of the Board, President and CEO of Cliffs, will lead the expanded organization.
>
> Under the terms of the merger agreement, AK Steel shareholders will receive 0.40 shares of Cliffs common stock for each outstanding share of AK Steel common stock they own. Upon completion of the transaction, Cliffs shareholders will own approximately 68% and

AK Steel shareholders will own approximately 32% of the combined company, respectively, on a fully diluted basis.

The fixed exchange ratio implies a consideration of $3.36 per share of AK Steel common stock and represents a premium of 16% based on the closing share prices of Cliffs and AK Steel common shares, respectively, as of December 2, 2019, and a premium of 27% based on the 30-day volume weighted average price of AK Steel common shares. The transaction implies an aggregate consideration to AK Steel shareholders of approximately $1.1 billion on a fully diluted basis, a total enterprise value of approximately $3.0 billion for AK Steel and an acquisition multiple of 5.6x LTM Adjusted EBITDA.

The transaction will combine Cliffs, North America's largest producer of iron ore pellets, with AK Steel, a leading producer of innovative flat-rolled carbon, stainless and electrical steel products, to create a vertically integrated producer of value-added iron ore and steel products. The combined company will be ideally positioned to provide high-value iron ore and steel solutions to customers primarily across North America.

* * *

**Key Strategic & Financial Benefits**

- Brings together complementary businesses to create company with full suite of value-added products: The combination will create significant opportunities to generate additional value from market trends across the entire steel value chain and enable more consistent, predictable performance through market cycles. The integrated supply chain provides AK Steel self-sufficiency in iron ore supply. Together, Cliffs and AK Steel will have a presence across the entire manufacturing process, from mining to pelletizing to the development and production of finished high value steel products, including Next Generation Advanced High Strength Steels for automotive and other markets.

- Solidifies demand for Cliffs' pellet offtake, with potential for growth into merchant pig iron: The combined company will ensure pellet volume commitments to AK Steel's blast furnaces along with Cliffs' Toledo hot briquetted iron facility, to complement its existing long-term minimum volume pellet offtake agreements with other key integrated steel producers. Further, the potential startup of pig iron manufacturing at AK Steel's facility in Ashland, Kentucky

- would create future opportunities for pellet demand and more metallics products without significant additional capital expenditures.

- Accretion through significant annual synergies: The transaction offers significant potential for operational synergies, which will contribute to long-term value creation for investors. The combination is expected to generate approximately $120 million of annual cost synergies to be fully realized within the first 12 months after closing, primarily from consolidating corporate functions, reducing duplicative overhead costs, and procurement and energy cost savings, as well as operational and supply chain efficiencies.

- Stronger company with compelling pro forma financial metrics: The combined company is expected to benefit from a larger and more diversified base of customers, with less overall emphasis on commodity-linked contracts. For the last twelve months, the pro forma combined company has generated net revenue of $8.2 billion1, Adjusted EBITDA of $1.3 billion2 and unlevered free cash flow of $923 million2,3. The transaction will also be leverage-neutral with pro forma Total Debt to Adjusted EBITDA of 3.5x.

**Additional Transaction Details & Governance**

Following completion of the transaction, with Mr. Goncalves leading the expanded organization, Mr. Newport will retire as CEO and a Director of AK Steel. Three existing members of AK Steel's Board of Directors will join the Cliffs Board, and two existing Cliffs Board members will step down, bringing the Cliffs Board to 12 members in total. AK Steel will become a direct, wholly-owned subsidiary of Cliffs and will retain its branding and corporate identity. Cliffs will continue to be listed on the NYSE with its headquarters in Cleveland, while maintaining a significant presence at AK Steel's current offices in West Chester, Ohio along with its Research and Innovation Center in Middletown, Ohio.

The transaction is expected to close in the first half of 2020, subject to approval by the shareholders of both companies, receipt of regulatory approvals and satisfaction of other customary closing conditions.

Cliffs has obtained an approximately $2 billion financing commitment from Credit Suisse in connection with a new Asset

>  Backed Loan and the refinancing of AK Steel's 2023 senior secured notes.
>
>  **Advisors and Counsel**
>
>  Moelis & Company LLC and Credit Suisse are acting as financial advisors to Cliffs and Jones Day is serving as legal counsel. Goldman Sachs & Co. LLC is acting as financial advisor to AK Steel and Weil, Gotshal & Manges LLP is serving as legal counsel.
>
>  **Board of Directors' Recommendation**
>
>  The transaction has been unanimously approved by both companies' Boards, and both Boards recommend that their respective shareholders vote in favor of the transaction.

* * *

25.  The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that AK Steel's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

B. **The Materially Incomplete and Misleading Registration Statement**

26.  On January 8, 2020, AK Steel and Cleveland-Cliffs jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction. The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

27. With respect to the financial projections disclosed in the Registration Statement, the Registration Statement fails to provide sufficient information.

28. With respect to the *Cliffs Unaudited Forecasted Financial Information*, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics such as (1) Adjusted EBITDA, (2) Adjusted EBITDAP, and (3) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

29. With respect to the *AK Steel-Adjusted Cliffs Unaudited Forecasted Financial Information*, the Registration Statement provides values for non-GAAP financial metrics such as (1) Adjusted EBITDA, (2) Levered Free Cash Flow, and (3) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

30. With respect to the *AK Steel Unaudited Forecasted Financial Information*, the Registration Statement provides values for non-GAAP financial metrics such as (1) Adjusted EBITDA, (2) Levered Free Cash Flow, and (3) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

31. With respect to the *Cliffs-Adjusted AK Steel Unaudited Forecasted Financial Information*, the Registration Statement provides values for non-GAAP financial metrics such as (1) Adjusted EBITDA, (2) Adjusted EBITDAP, and (3) Unlevered Free Cash Flow, but fails to

provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

32. With respect to the *Pro Forma Unaudited Forecasted Financial Information*, the Registration Statement provides values for non-GAAP financial metrics such as (1) Adjusted EBITDA, (2) Levered Free Cash Flow, and (3) Unlevered Free Cash Flow, but fails to provide: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

33. When a company discloses non-GAAP financial measures in a registration statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

34. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.[1]

35. Thus, to cure the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures. At the very least, the Company must disclose the line item forecasts for the financial metrics that were used to calculate the aforementioned non-GAAP measures. Such forecasts are necessary to make the non-GAAP forecasts included in the Registration Statement not misleading.

36. With respect to Goldman Sachs's *Illustrative Discounted Cash Flow Analysis for AK Steel*, the Registration Statement fails to disclose: (i) the basis for selecting the discount rate range from 10.5% to 11.5%; (ii) the range of illustrative terminal values for the Company as of December 31, 2024; (iii) the basis of selecting the implied perpetuity growth rates for the Company for the period after December 31, 2024 ranging from 1.2% to 3.3%; (iv) the basis of applying a discount rate of 11.0% to the ranges of present values; (v) AK Steel's net debt as of September 30, 2019; (vi) the Company's unfunded pension and OPEB liabilities as of September 30, 2019; and (vii) the Company's number of fully diluted shares of common stock as of November 29, 2019.

37. With respect to Goldman Sachs' *Premia Paid Analysis*, the Registration Statement fails to disclose: (i) the transactions observed by Goldman Sachs in the analysis; and (ii) the premiums paid in the transactions.

38. With respect to Goldman Sachs's *Illustrative Discounted Cash Flow Analysis for AK Steel Shares on a Pro Forma Basis*, the Registration Statement fails to disclose: (i) the basis for selecting the discount rate range from 8.5% to 9.5%; (ii) the range of illustrative terminal values

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

for Cleveland-Cliffs on a pro forma basis as of December 31, 2024; (iii) the basis of selecting and applying terminal year multiples ranging from 6.0x to 7.0x to the estimated terminal year Adjusted EBITDA of Cleveland-Cliffs on a pro forma basis; (iv) the basis of selecting the implied perpetuity growth rates Cleveland-Cliffs for the period after December 31, 2024 ranging from 0.4% to -1.9%; (v) the basis of applying a discount rate of 7.75% to the ranges of present values; (vi) Cleveland-Cliffs' net debt as of September 30, 2019; (vii) Cleveland-Cliffs' unfunded pension liabilities as of September 30, 2019; and (viii) the number of fully diluted shares of Cleveland-Cliffs common stock as of November 29, 2019.

39. In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

40. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

41. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or

misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

42.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

43.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

44.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

45. The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of AK Steel within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of AK Steel, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of AK Steel, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of AK Steel, and, therefore, is presumed to have had the

power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

50. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

53. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 14, 2020

**OF COUNSEL:**

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gloria Kui Melwani
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*